IN THE UNITED STATES DISTRICT COURT
FOR THE WESTER DISTRICT OF VIRGINIA
Charlottesville Division

| | |
|---|---|
| **ECHELON HOMES, LLC,**<br><br>    *Plaintiff,*<br><br>v.<br><br>**BANK OF AMERICA, N.A.,**<br><br>    *Defendant/Third-Party Plaintiff*<br><br>v.<br><br>**RICHARD JEFFREY ROBERTSON**<br><br>and<br><br>**ECHELON CUSTOM HOMES, LLC**<br><br>    *Third-Party Defendants.* | Civil Action No. 3:20-CV-00030-NKM |

**THIRD-PARTY DEFENDANTS' ANSWER TO**
**<u>BANK OF AMERICA, N.A.'S THIRD-PARTY COMPLAINT</u>**

Third-Party Defendants, Richard Jeffrey Robertson and Echelon Custom Homes, LLC (collectively, "Robertson"), by counsel, pursuant to Rule 14 of the Federal Rules of Civil Procedure, hereby file this Answer in response to Bank of America, N.A.'s Third-Party Complaint against them (the "Third-Party Complaint"), and state as follows:

**Paragraph references below refer to the numbered paragraphs in the Third-Party Complaint prior to the subheader "Factual Allegations" ("Section One"):**

1. With regard to Paragraph 1, Robertson denies that he was ever an employee of Plaintiff.  Robertson admits that the remaining allegations of Paragraph 1 were made but denies any theft, conversion and negligence.

2. With regard to Paragraph 2, Robertson admits that no claims were asserted against them by Plaintiff but denies that any action by Robertson caused the Plaintiff loss.

3. Paragraph 3 calls for a legal conclusion for which no response is required.

4. On information and belief, Robertson admits the allegations of Paragraph 4.

5. Paragraph 5 is admitted.

6. Paragraph 6 is admitted.

7. Paragraph 7 is admitted.

8. Paragraph 8 is admitted.

9. Paragraph 9 is admitted.

10. Paragraph 10 is admitted.

**Paragraph references below refer to the numbered paragraphs in the Third-Party Complaint *after* the subheader "Factual Allegations" ("Section Two"):**

11. With regard to Paragraph 1, Robertson admits that such conclusion would be true "assuming the allegations in Plaintiff's Complaint are true," but, in fact, denies such allegations. Robertson was never an employee of Echelon Homes, LLC.

12. Paragraph 2 is admitted.

13. Paragraph 3 is admitted.

14. Paragraph 4 is admitted.

15. Paragraph 5 is admitted.

16. With regard to Paragraph 6, Robertson admits that such conclusion would be true "assuming the allegations in Plaintiff's Complaint are true," but, in fact, denies such allegations.

17. With regard to Paragraph 7, Robertson admits that such conclusion would be true "assuming the allegations in Plaintiff's Complaint are true," but, in fact, denies such allegations.

18. With regard to Paragraph 8, Robertson admits that BANA had no knowledge of any conversations or relations between Plaintiff and Robertson; however, Robertson denies that Robertson's actions were without the ultimate approval of Plaintiff.

19. Paragraph 9 is admitted.

20. Paragraph 10 is admitted.

21. Paragraph 11 is admitted.

22. Paragraph 12 is admitted.

23. With regard to Paragraph 13, Robertson admits that such conclusion would be true "assuming the allegations in Plaintiff's Complaint are true," but, in fact, denies such allegations.

24. With regard to Paragraph 14, Robertson admits that BANA had no knowledge of any conversations or relations between Plaintiff and Robertson; however, Robertson denies that Robertson's actions were without the ultimate approval of Plaintiff.

25. Paragraph 15 is admitted.

26. Paragraph 16 is admitted.

27. Paragraph 17 is admitted.

28. With regard to Paragraph 18, Robertson admits that such conclusion would be true "assuming the allegations in Plaintiff's Complaint are true," but, in fact, denies such allegations.

29. With regard to Paragraph 19, Robertson admits that such conclusion would be true "assuming the allegations in Plaintiff's Complaint are true," but, in fact, denies such allegations.

30. With regard to Paragraph 20, Robertson admits that BANA had no knowledge of any conversations or relations between Plaintiff and Robertson; however, Robertson denies that Robertson's actions were without the ultimate approval of Plaintiff.

31. Paragraph 21 is admitted.

32. Paragraph 22 is admitted.

33. With regard to Paragraph 23, Robertson reasserts the responses set forth above in connection with the referenced paragraphs as if fully set forth herein.

34. Paragraph 24 (the first such numbered paragraph in this Section Two) is denied.

35. Paragraph 25 (the first such numbered paragraph in this Section Two) is denied.

36. Paragraph 26 (the first such numbered paragraph in this Section Two) asserts a legal conclusion for which no response is required. Robertson denies that they retained the entire value of the Checks.

37. Paragraph 27 (the first such numbered paragraph in this Section Two) is denied.

38. With regard to Paragraph 28 (the first such numbered paragraph in this Section Two), Robertson reasserts the responses set forth above in connection with the referenced paragraphs as if fully set forth herein.

39. Paragraph 29 (the first such numbered paragraph in this Section Two) asserts a legal conclusion for which no response is required. To the extent any such allegations are considered factual, they are denied.

40. With regard to Paragraph 30 (the first such numbered paragraph in this Section Two), Robertson reasserts the responses set forth above in connection with the referenced paragraphs as if fully set forth herein.

41. Paragraph 31 asserts a legal conclusion for which no response is required. The referenced statutes speak for themselves.

42. Paragraph 32 asserts a legal conclusion for which no response is required.

43. Paragraph 33 asserts a legal conclusion for which no response is required.

44. Paragraph 34 asserts a legal conclusion for which no response is required.

45. With regard to Paragraph 35, Robertson reasserts the responses set forth above in connection with the referenced paragraphs as if fully set forth herein.

46. Paragraph 24 (the second such numbered paragraph in this Section Two) is denied.

47. Paragraph 25 (the second such numbered paragraph in this Section Two) is denied.

48. Paragraph 26 (the second such numbered paragraph in this Section Two) is admitted.

49. Paragraph 27 (the second such numbered paragraph in this Section Two) calls for a legal conclusion to which no response is required. To the extent any factual allegations are made, they are denied.

50. Paragraph 28 (the second such numbered paragraph in this Section Two) is denied.

51. Paragraph 29 (the second such numbered paragraph in this Section Two) is denied.

52. Paragraph 30 (the second such numbered paragraph in this Section Two) is denied.

**As affirmative defenses and in response to Plaintiff's Complaint, Robertson further states as follows:**

53. All funds into and out of the BANA Account were used for the benefit of Plaintiff in relation to Plaintiff's construction project known as "Lot A-17, Ragged Mountain" (the "Project").

54. Robertson segregated the funds in the Account for the purposes of ensuring such funds remained available and were appropriately used for completion of the Project.

55. Upon Robertson explaining the intent, as described above, to Plaintiff, and prior to the filing of Plaintiff's Complaint, Plaintiff ratified and approved all actions taken by Robertson in relation to the BANA Account, the Checks deposited thereto and payments made therefrom.

56. All allegations that Robertson's actions were for their own personal gain or benefit are denied.

57. Because all funds related to the Account were used for Plaintiff's benefit, Plaintiff has suffered no damages for which either Bank of America, N.A. or Robertson can be held liable.

58. Given Plaintiff's ratification and approval of Robertson's actions which are the subject of this case, Plaintiff is equitably estopped from claiming Robertson's actions were wrongful in any way.

59. Given Robertson's intent, the actual use of funds, and Plaintiff's ratification and approval of Robertson's actions which are the subject of this case, Robertson cannot be held liable under any Count of the Complaint or the Third-Party Complaint.

60. But for the actions of Bank of America, N.A., in accepting the deposit of and paying the Checks, there would be no alleged liability or damage asserted by Plaintiff.

61. Bank of America, N.A.'s unclean hands equitably estop it from asserting a claim against Robertson.

62. Bank of America, N.A.'s delay in notifying Robertson of its claims at least partially discharges Robertson of any potential liability pursuant to Va. Code Ann. §8.4-207.1(d) and §8.3A-416(c).

WHEREFORE, for the reasons set forth hereinabove, Robertson prays that this Honorable Court dismiss all claims against Third-Party Defendants and to grant such other and further relief as the Court deems just and appropriate.

Respectfully submitted,

**RICHARD JEFFREY ROBERTSON**

**and**

**ECHELON CUSTOM HOMES, LLC**

*By Counsel*

_____/s/_____
Peter J. Caramanis (VSB No. 43447)
Jessica F. Phillips (VSB No. 65953)
ROYER CARAMANIS PLC
200-C Garrett St.
Charlottesville, VA 22902
(434) 260-8767 (phone)
(434) 710-4061 (fax)
pcaramanis@rc.law
jphillips@rc.law

## CERTIFICATE OF SERVICE

   I hereby certify that on October 14, 2020, a true and correct copy of the foregoing was electronically filed using the CM/ECF system and sent via first class U.S. Mail to the following:

Kelly G. Roberts, Esq.
Tucker Griffin Barnes, P.C.
307 W. Rio Road
Charlottesville, VA 22901
(434) 951-0872  phone
(434) 951-0876 fax
kroberts@tgblaw.com
*Counsel for Plaintiff*

and

Heather B. Chaney, Esq.
McGuireWoods LLP
1750 Tysons Corner, Suite 1800
Tysons Corner, VA 22102
(703) 712-5015 phone
(703) 712-5236 fax
hchaney@mcguirewoods.com
*Counsel for Defendant/Third-Party Plaintiff*


                  /s/
              Peter J. Caramanis (VSB No. 43447)
              Jessica F. Phillips (VSB No. 65953)
              ROYER CARAMANIS PLC
              200-C Garrett St.
              Charlottesville, VA 22902
              (434) 260-8767 (phone)
              (434) 710-4061 (fax)
              pcaramanis@rc.law
              jphillips@rc.law

              *Counsel for Third-Party Defendants*